### ROE v. CRONKHITE ET AL., ADM'RS.

SUPREME COURT.— *Weight of Evidence.*—*Practice.*—The Supreme Court will not disturb a verdict upon the mere weight of conflicting evidence.

From the Warren Circuit Court.

*M. Milford,* for appellant.

*W. P. Rhodes,* for appellees.

BIDDLE, J.—The appellees, as administrators of the estate of Thomas D. Kent, brought this action against the appel-

lant, upon a promissory note alleged to have been made to the deceased by the appellant, for $350.77, dated September 21st, 1869, due one day after date; and upon an account against the appellant, in favor of the deceased, containing over two hundred items of merchandise, amounting to above $1,500.

The answer to the complaint was a denial and set-off, consisting of the alleged sale and delivery, by the appellant to the deceased, of large quantities of grain and flaxseed, during the years 1870, 1871, 1872, 1873 and 1874, amounting to about $4,000; demanding judgment against the appellees for $3,000. The set-off was denied. Trial by jury; verdict for appellees, $715.07; judgment on the verdict; appeal.

By a motion for a new trial, the appellant has presented the question of the sufficiency of the evidence to support the verdict, which is the only question in the case for our consideration. For this reason we thought it unnecessary to any more particularly state the pleadings.

The evidence is too voluminous to state at length. The appellees introduced the note in evidence, and testimony tending to prove the items in the account. The appellant then introduced evidence tending to prove the sale and delivery of large quantities of grain and flaxseed to the deceased, who was a merchant during four or five years, and the prices. In rebutting, the appellees introduced evidence tending to prove that the grain and flaxseed were sold and delivered to William Kent, instead of the deceased, and that the deceased was paid for the grain as it was delivered; that no grain or produce was purchased on credit either by William Kent or the deceased.

With this evidence before us—with opposite tendencies, more or less conflicting, gathered, except the promissory note, from the testimony of fifteen witnesses, concerning more than two hundred items, referring to almost as many separate transactions between the parties, and covering a

period of more than five years—it is impossible for us, under the rules governing an appellate court, to say that the verdict is not supported by sufficient evidence. We must, therefore, leave it with the presumptions of the record in its favor.

The judgment is affirmed, at the costs of the appellant.